IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DERRICK RAY SIMS,

           Petitioner,

v.                                                    CIV 06-0646 JB/KBM

TIM HATCH, Warden, et al.,

           Respondents.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Derrick Sims' petition for a writ of habeas corpus

under 28 U.S.C. § 2254.  Because he filed after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *E.g., Michael*

*Williams v. Taylor,* 529 U.S.420, 429 (2000); *Lindh v. Murphy,* 521 U.S. 320, 326-327 (1997).

All of the issues can be resolved on the record and, therefore, an evidentiary hearing is

unnecessary.  *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S.

835 (2000); Rule 8(a),  Rules Governing Section 2254 Cases in the United States District Courts.

## I.  Factual & Procedural Background

Sims was arrested on a criminal complaint that alleged three counts of trafficking drugs.

*See Doc. 15,* Exh. F at 1.[1]  The affidavit in support of the complaint stated that Sims sold drugs to

undercover officers three times in two separate meetings that occurred three days apart:

---

[1]  Unless otherwise noted, all citations to "Exhibits" are those attached to the Respondents'
Answer.  *See Doc. 15.*

> six rocks of crack cocaine on to Officer Dorian at 4:10 p.m. on June **13**, 2003;
> two rocks of crack cocaine to Officer Jackson at 6:15 p.m. on June **16**, 2003; and
> some marijuana to Officer Dorian at 6:30 p.m. on June **16**, 2003.

*Id.* at 1-2.  The complaint, however, stated that the meetings took place one day apart – "'on or about June **16**th, and **17**th, 2003.'"  *Id.* at 2 (emphasis added).

At the preliminary hearing, the June 16th marijuana and two-rock cocaine trafficking counts were dropped, leaving only the six-rock cocaine count pending.  *See id.* at 2-3.  Hand-written alterations  made to the complaint confirm that these charges were dropped.  The complaint was further altered to allege that the six-rock cocaine sale occurred on the 13th, thereby making it consistent with the assertion in the supporting affidavit.  *See id.*  The subsequent information, however, alleged that the crime occurred on the 17th.  *See id.* at 3.

Sims originally pleaded guilty to this one-count information.  Six days after he was sentenced, however,  he moved for a substitution of counsel and to withdraw his plea.  The court granted that relief, Sims received a new attorney and then proceeded to trial.  *See id.*  Trial counsel's strategy was to show that the crime actually occurred on the 13th as asserted in the affidavit and set forth in the "corrected" complaint.  *See Exh. D* at 1-2.  The jury evidently instead believed trial testimony that the June 13th date appearing in those documents was simply a typographical error and found Sims guilty of having committed the crime on or about the date set forth in the information.  Sims was subsequently sentenced to a term of imprisonment for nine years.  *See Exhs. A, B, G.*

On direct appeal, the defense argued that the discrepancy in dates from testimony given in support of issuance of the complaint and at the preliminary hearing raised a reasonable doubt  that the crime was committed on the date alleged in the information.  Further, the defense raised a

second issue, though admittedly not raised at trial, that the petit jury because did not contain any African-Americans. *See Exhs. D-F.* The New Mexico Court of Appeals rejected both claims, and the New Mexico Supreme Court denied certiorari on June 24, 2005. *See Exhs. G-J.*

## II.  Analysis

### A.  *Procedural Default*

AEDPA has a one-year statute of limitations that began to run on September 22, 2005, the end of the ninety-day period in which Sims could have petitioned the Supreme Court of the United States for certiorari after the New Mexico Supreme Court declined to hear the matter. *See, e.g.,* 28 U.S.C. § 2244(d)(1)(A); *Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001). Sims filed his state petition seeking habeas relief July 7, 2006, eleven weeks before the AEDPA one-year statute of limitations was due to expire, and the state filing tolled, or "suspended" the statute from running. *See* 28 U.S.C. § 2244(d)(2); *see also Exh. K.* In the state petition, Sims raised the same five claims that he raises here:  (1) none of the "grand"[2] jurors were African-American; (2) the evidence was seized as a result of an unlawful search; (3) ineffective assistance of trial counsel; (4) perjured testimony by the officers; and (5) the prosecution failed to disclose evidence favorable to Sims. *Compare Doc. 1* at 6-7, 9 & attachment, *with Exh. K* at 2.

Rather than waiting for the trial judge to enter a decision on his state habeas petition, Sims evidently was concerned about the statute of limitations and signed a federal § 2254 form on the

---

[2]  His use of the phrase "grand jury" is misleading because the state proceedings were initiated by an information, not an indictment.  *See, e.g,* N.M. Stat. Ann. § 31-6-5 (LexisNexis 2004) (grand jurors return indictments); NEW MEXICO RULES OF CRIMINAL PROCEDURE FOR DISTRICT COURTS 5-201 (A), (B) (prosecution can be initiated by a complaint, information, or indictment, and informations are signed by district attorney).  Thus, no grand jurors were involved in Sims' criminal proceeding and his challenge is directed towards the composition of the petit jury.

same day he filed his state habeas petition.  The federal petition arrived in an envelope post-marked July 18, 2006 and was filed by our district clerk on July 19, 2006.  *See Doc. 1* at 13 (and envelope in file).

Almost three weeks later, the state trial judge entered his decision on the state petition. After reviewing the file, the trial judge summarily denied the petition the merits on August 8, 2006.  *See Exh. L.*  Sims did not petition the New Mexico Supreme Court for certiorari.  Since he had to do so by September 7, 2006, his time to do so has now expired.  *See* NEW MEXICO RULES OF APPELLATE PROCEDURE 12-501(B) (LexisNexis 2005) ("Petitions for writs of certiorari shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition.").  Consequently, even though the state proceedings were not exhausted when he initially filed in federal court, they are now concluded, and Sims does not have the option of returning to state court to attempt a filing a belated petition for certiorari.[3]

With the exception of the jury composition issue, the remaining four federal claims are procedurally defaulted.  Because of the comity afforded state court judgments, a federal court will not review procedurally-defaulted claims unless the prisoner demonstrates either:  (1) "cause and actual prejudice," or (2) a "fundamental miscarriage of justice."  *See, e.g., House v. Bell*, ___ U.S. ___, ___, 126 S. Ct. 2064, 2076 (2006); *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Bland v. Simons,* 459 F.3d 999, 1012 (10th Cir. 2006).

---

[3]  Although certiorari is discretionary, failure to petition the New Mexico Supreme Court within thirty days following a denial of state habeas constitutes an enforceable procedural default.  *See, e.g., O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Thomas v. Gibson,* 218 F.3d 1213, 1221 (10th Cir. 2000); *Watson v. State of New Mexico,* 45 F.3d 385, 387 (10th Cir. 1995); *Ballinger v. Kerby,* 3 F.3d 1371, 1374 (10th Cir. 1993)*; see also, e.g., Cole v. New Mexico,* 58 Fed. Appx. 825, 828-29 (10th Cir.), *cert. denied,* 540 U.S. 832 (2003); *Ogden v. Bravo,* 35 Fed. Appx. 722, 726 (10th Cir. 2002); *Ortega v. Williams,* 3 Fed. Appx. 722, 723-724 (10th Cir. 2001).

To establish "cause," Sims must demonstrate that a factor "external" to him caused him to miss the filing deadline for the petition for certiorari. *E.g., Murray v. Carrier,* 477 U.S. 478, 489 (1984); *Bridgeforth v. Ward,* 88 Fed. Appx. 291, 295 (10th Cir. 2004). On the record before me no such factor is present. Neither *pro se* status nor ignorance of the law (such as the AEDPA statute of limitations and tolling) nor lack of counsel in post-conviction proceedings constitute "cause." *E.g., Coleman,* 501 U.S. at 752; *Klein v. Neal,* 45 F.3d 1395, 1400 (10th Cir. 1995).

Failure to show cause alone is dispositive of the default under the first exception. *E.g., Klein,* 45 F.3d at 1400 ("The "cause and prejudice" exception is conjunctive, requiring proof of both cause and prejudice."). Even if Sims successfully demonstrated "cause," the burden Sims would bear in showing actual prejudice is "not an easy one." *Daniels v. United States,* 254 F.3d 1180, 1191 (10th Cir. 2001). It is insufficient to assert that an error may have changed the jury verdict. Instead, Sims must to convince the court that the error resulted in a entire trial that was unfair and a verdict that is unworthy of confidence. *Id.; see also, e.g., United States v. Bailey,* 286 F.3d 1219, 1223 (10th Cir.), *cert. denied,* 537 U.S. 877 (2002). There is no such showing on the record before me. For the above reasons, the "cause" and "prejudice" exception is therefore inapplicable.

In a "rare" situation, a federal habeas court will overlook a procedural default and discuss the merits of a habeas claim if the prisoner nonetheless shows a "fundamental miscarriage of justice." *Beavers v. Saffle,* 216 F.3d 918, 923 (10th Cir. 2000). To meet this showing, however, Sims must "make a colorable showing of factual innocence." *Id.; see e.g., Klein,* 45 F.3d at 1400. Yet Sims initially pleaded guilty to the charge and moreover argued at trial that he was "legally" innocent because of the discrepancy in the dates in the affidavit and information. Thus, the

alternative exception is inapplicable as well, and the four defaulted claims should not be reviewed in this federal habeas proceeding.

### B.  Jury Composition Claim Is Without Merit

Sims raised the jury composition issue as one of fundamental error, and the New Mexico Court of Appeals reasoned in full:

> Defendant made no objection below to the composition of the jury. Nonetheless, there is no indication that the State excluded persons from the jury because of race.   Moreover, defendants are not entitled to a jury of any particular composition.

*Exh. G* at 3 (citations omitted).   Thus, the claim was held to be both procedurally-defaulted and without merit, and the state appellate court did not enforce the procedural default of failing to raise the issue at trial.  *E.g., Lopez v. Williams,* 59 Fed. Appx. 307, 311-12 (10th Cir. 2003).  The trial court rejected the claim in the state habeas petition on the merits but without any reasoning, and did not enforce the procedural default identified by the Court of Appeals.  *See Exh. L.*

When a state court "adjudicates" the claim at issue on the merits, rather than disposing of a claim on a procedural ground, a federal court cannot grant a writ of habeas corpus unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1)-(2); *see also e.g., Parker v. Scott,* 394 F.3d 1302, 1308-09 (10th Cir. 2005); *Saiz v. Ortiz,* 392 F.3d 1166, 1176 (10th Cir. 2004), *cert. denied,* 125 S. Ct. 2976 (2005).

AEDPA standards apply to even the most summary of dispositions which will not be found

> "contrary to ··· clearly established Federal law" simply because the court did not cite [Supreme Court] opinions.  We have held that a state court need not even be aware of our precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them."

*Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)); *see also Saiz,* 392 F.3d at 1176; *Gipson v. Jordan,* 376 F.3d 1193, 1196-97 (10th Cir. 2004), *cert. denied,* 126 S. Ct. 729 (2005).

To establish a violation of "fair cross section" protection of the Sixth Amendment, Sims must establish that under-representation is the result of systematic and deliberate exclusion from the manner by which potential jurors are selected for duty.  It is not enough to simply show that there were no jurors of his own race in the venire or on his jury.  Yet that is the only factor his attorney relied upon in the state proceedings, and the only factor Sims relies upon in these proceedings.  *See, e.g., Duren v. Missouri,* 439 U.S. 357, 364 (1979); *Trice,* 196 F.3d at 1163-65; *Trujillo v. Sullivan,* 815 F.2d 597, 610 (10th Cir.), *cert. denied,* 484 U.S. 929 (1987); *see also Splain v. Newton,* 161 F.3d 18 (10th Cir. 1998) (unpublished, noting that "the African-American population in the relevant area was small enough that the absence of any African-Americans from the venire was not statistically unlikely"), *cert. denied,* 525 U.S. 1126 (1999); *Sanders v. Attorney General for New Mexico,* 13 Fed. Appx. 761 (10th Cir. 2001) (affirming *Sanders v. Williams,* CIV 99-1185 JP/KBM, where same claim was made and rejected for these reasons).  As such, I cannot conclude that the state decisions are "contrary" or "unreasonable" under the applicable AEDPA standards.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss *(Doc. 13)* be granted and that this § 2254 petition be dismissed with prejudice because four of the five issues are procedurally-defaulted and the non-defaulted issue is without merit.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE